SERVICE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
DR. PAULA SMALL,

                             Plaintiff,

                          v.

NOBEL BIOCARE USA, LLC, NOBEL
BIOCARE HOLDING AG, NOBEL BIOCARE
AB, HENRY SCHEIN, INC., CAMLOG USA,
INC., CAMLOG BIOTECHNOLOGIES AG,
CAMLOG HOLDING AG, ALTATEC GMBH,
NEOSS LTD., NEOSS INC., BLUE SKY BIO,
LLC, IMPLANT DIRECT MFG. LLC d/b/a
IMPLANT DIRECT, LLC, SOUTHERN
IMPLANTS, INC., SOUTHERN IMPLANTS
(PTY) LTD., MEGAGEN USA, INC., and
MEGAGEN CO., LTD.,

                             Defendants.
------------------------------------------------------------x

Civ. Action No. 06-CV-0683-RJH

ECF CASE

**JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Dr. Paula Small, by her attorneys Dickstein Shapiro LLP, for her First Amended Complaint against defendants Nobel Biocare USA, LLC; Nobel Biocare Holding AG; Nobel Biocare AB; Henry Schein, Inc.; Camlog USA, Inc.; Camlog Biotechnologies AG; Camlog Holding AG; Altatec GmbH; Neoss Ltd.; Neoss Inc.; Blue Sky Bio, LLC; Implant Direct Mfg. LLC d/b/a Implant Direct, LLC; Southern Implants, Inc.; Southern Implants (Pty) Ltd.; MegaGen USA, Inc.; MegaGen Co., Ltd. (collectively, "Defendants") alleges as follows:

### THE PARTIES

1.     Plaintiff Paula Small, DDS is a citizen and resident of the State of New York who currently resides at 52 East End Avenue, 29AB, New York, New York 10028-7954.

2. On information and belief, defendant Nobel Biocare USA, LLC is incorporated in the State of Delaware, and is a foreign limited liability company registered in the State of New York, with a principal place of business of 22715 Savi Ranch Parkway, Yorba Linda, California 92887.

3. On information and belief, defendant Nobel Biocare Holding AG is domiciled at Balsberg, Balz Zimmermann-Strasse 7, CH-8302 Kloten, Switzerland; its mailing address is Postfach CH-8058 Zurich-Flughafen, Switzerland.

4. On information and belief, defendant Nobel Biocare AB is domiciled at Bohusgatan 15, 411 39 Goteborg, Sweden; its mailing address is Box 5190, SE-402 26 Goteborg, Sweden.

5. On information and belief, defendant Henry Schein, Inc. is incorporated in the State of Delaware, with a principal place of business of 135 Duryea Road, Melville, New York 11747.

6. On information and belief, defendant Camlog USA, Inc. is incorporated in the State of Delaware, with a principal place of business of 135 Duryea Road, Melville, New York 11747.

7. On information and belief, defendant Camlog Biotechnologies AG is domiciled at Margarethenstrasse 38, CH-4053 Basel, Switzerland.

8. On information and belief, defendant Camlog Holding AG is domiciled at Margarethenstrasse 38, CH-4053 Basel, Switzerland.

9. On information and belief, defendant Altatec GmbH is domiciled at Maybachstrasse 5, D-71299 Wimsheim, Germany.

10. On information and belief, defendant Neoss Inc. is incorporated in the State of Delaware, and is a foreign limited liability company registered in the State of New York, with a principal place of business of 21820 Burbank Blvd., Ste. 220, Woodland Hills, CA 91367.

11. On information and belief, defendant Neoss Ltd. is domiciled at Windsor House, Cornwall Road, Harrogate, N. Yorks, United Kingdom HG1-2PW.

12. On information and belief, defendant Blue Sky Bio, LLC is incorporated in the State of Illinois, with a principal place of business of 888 E. Belvidere Road, Suite 212, Grayslake, IL 60030.

13. On information and belief, defendant Implant Direct Mfg. LLC d/b/a Implant Direct, LLC is incorporated in the State of Nevada, with a principal place of business of 27030 Malibu Hills Road, Calabassas Hills, California 91301.

14. On information and belief, defendant Southern Implants, Inc. is incorporated in the State of Delaware, with a principal place of business of 5 Holland Bldg 209, Irvine, California, 92618.

15. On information and belief, defendant Southern Implants (Pty) Ltd. is domiciled at 1 Albert Road, Irene, 0062, South Africa; its mailing address is P.O. Box 605, Irene, 0062, South Africa.

16. On information and belief, defendant MegaGen USA, Inc. is incorporated in the State of New Jersey, with a principal place of business of 120 Sylvan Avenue, Suite 301, Englewood Cliffs, New Jersey 07632.

17. On information and belief, defendant MegaGen Co., Ltd. is domiciled at 377-2, Gyochon-ri, Jain-myeon, Gyeongsan-si, Gyeongbuk, Korea.

## NATURE OF ACTION

18. This is an action for patent infringement against Defendants based on their manufacture, use, offer for sale, and sale of products that infringe Dr. Small's patent rights, including the sale of infringing products in New York.

19. Dr. Small seeks damages for Defendants' patent infringement, an injunction against Defendants, and a declaration that Defendants have infringed and are infringing Dr. Small's patent rights by making, using, offering for sale, and selling infringing products.

## JURISDICTION AND VENUE

20. This action arises under the patent law of the United States, 35 U.S.C. §§ 1 *et seq.* This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

21. This court has personal jurisdiction over Defendants because all of the Defendants transact business within this judicial District and because Defendants have committed acts of infringement of Dr. Small's patent in this State and within this District.

22. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), and pursuant to § 1400(b).

## PATENT INFRINGEMENT COUNT

23. Dr. Small realleges and incorporates by reference paragraphs 1-22 of this First Amended Complaint as if fully set forth herein.

24. Dr. Small is an inventor of United States Reissue Patent No. RE38,945 (the "'945 patent") entitled "Dental Implants and Methods for Extending Service Life" which was duly and legally granted on January 24, 2006 in the name of Paula S. Fried and Leonard Cooper. Paula S. Fried is Dr. Small's previous married name.

25. Dr. Small is the exclusive owner of title to and all rights in the '945 patent.

26. On information and belief, defendants Nobel Biocare USA, LLC, Nobel Biocare Holding AG, and Nobel Biocare AB (collectively "Nobel") have manufactured, used, sold, imported, and/or offered for sale; continue to manufacture, use, sell, import and/or offer for sale; and will in the future manufacture, use, sell, import and/or offer for sale infringing products including but not limited to the Replace, Branemark System Mark III, Branemark System Mark IV, and Nobel Speedy brand of implants, including products with differing designs, surfaces, diameters, and lengths.

27. On information and belief, defendants Henry Schein, Inc., Camlog USA, Inc., Camlog Biotechnologies AG, Camlog Holding AG, and Altatec GmbH (collectively "Camlog") have manufactured, used, sold, imported, and/or offered for sale; continue to manufacture, use, sell, import and/or offer for sale; and will in the future manufacture, use, sell, import and/or offer for sale infringing products including but not limited to the Screw-Line, Root-Line, Cylinder-Line, and Screw-Cylinder-Line brand of implants, including products with differing designs, surfaces, diameters, and lengths.

28. On information and belief, defendants Neoss Ltd. and Neoss Inc. (collectively "Neoss") have manufactured, used, sold, imported, and/or offered for sale; continue to manufacture, use, sell, import and/or offer for sale; and will in the future manufacture, use, sell, import and/or offer for sale infringing products including but not limited to the Neoss Implant System brand of implants, including products with differing designs, surfaces, diameters, and lengths.

29. On information and belief, defendant Blue Sky Bio LLC has manufactured, used, sold, imported, and/or offered for sale; continue to manufacture, use, sell, import and/or offer for sale; and will in the future manufacture, use, sell, import and/or offer for sale infringing products

including but not limited to the Trilobe brand of implants, including products with differing designs, surfaces, diameters, and lengths.

30. On information and belief, defendant Implant Direct Mfg. LLC d/b/a Implant Direct, LLC has manufactured, used, sold, imported, and/or offered for sale; continue to manufacture, use, sell, import and/or offer for sale; and will in the future manufacture, use, sell, import and/or offer for sale infringing products including but not limited to the ReActive, RePlant, and RePlus brand of implants, including products with differing designs, surfaces, diameters, and lengths.

31. On information and belief, defendants Southern Implants, Inc. and Southern Implants (Pty) Ltd. (collectively "Southern Implants") have manufactured, used, sold, imported, and/or offered for sale; continue to manufacture, use, sell, import and/or offer for sale; and will in the future manufacture, use, sell, import and/or offer for sale infringing products including but not limited to the Tri-Nex and Max External Hex brand of implants, including products with differing designs, surfaces, diameters, and lengths.

32. On information and belief, defendants MegaGen USA, Inc. and MegaGen Co., Ltd. (collectively "MegaGen") have manufactured, used, sold, imported, and/or offered for sale; continue to manufacture, use, sell, import and/or offer for sale; and will in the future manufacture, use, sell, import and/or offer for sale infringing products including but not limited to the EZ Plus Internal System brand of implants, including products with differing designs, surfaces, diameters, and lengths.

33. The products identified in paragraphs 26-32, as well as their use, are covered by the claims of the '945 patent, and thus infringe the patent.

34. Defendants have caused, and continue to cause, the infringing products (identified in paragraphs 26-32) to be sold and used in New York.

35. Defendants have infringed and continue to infringe the '945 patent.

36. Defendants have actively induced or contributed to, and continue to induce or contribute to, the infringement by others of the '945 patent.

37. Unless enjoined, Defendants will continue to infringe, induce other to infringe, and contribute to the infringement by others of the '945 patent.

38. On information and belief, Defendants' infringement of the '945 patent has been, and continues to be, deliberate and willful.

39. Defendants' conduct has caused and, unless enjoined, will continue to cause irreparable harm to Dr. Small.

WHEREFORE, plaintiff Dr. Small requests that this Court enter judgment as follows:

A. Declaring that the '945 patent is infringed by Defendants;

B. Ordering that Defendants, including all officers, agents, servants, representatives, employees, and attorneys, and those persons in active concert or participation with Defendants, are preliminarily and permanently enjoined from infringing the '945 patent;

C. Awarding to Dr. Small damages adequate to compensate her for Defendants' deliberate and willful infringement of the '945 patent, together with interest, as well as enhanced damages pursuant to 35 U.S.C. § 284;

D. Awarding to Dr. Small her reasonable attorneys' fees and costs in this action pursuant to *inter alia* 35 U.S.C. § 285; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on each Count of her Complaint, as well as each and every defense asserted thereto.

Dated:  New York, New York
        July 28, 2009

DICKSTEIN SHAPIRO LLP

By: _____
Steven I. Weisburd (SW 5325)
Alfred R. Fabricant (AF 8255)
Lawrence C. Drucker (LD 9423)
Dawn Rudenko (DR 8290)
Bryan N. DeMatteo (BD 3557)
1633 Broadway
New York, New York 10019
(212) 277-6500

*Attorneys for Plaintiff Dr. Paula Small.*