```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DR. PAULA SMALL,

                          Plaintiff,

           - against -

IMPLANT DIRECT MFG. LLC d/b/a IMPLANT
DIRECT, LLC,

                          Defendant.
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2014

**MEMORANDUM AND ORDER**

06 Civ. 683 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Implant Direct Mfg. LLC d/b/a Implant Direct, LLC ("Implant Direct") seeks an award of attorney's fees under 35 U.S.C. § 285 against plaintiff Paula Small ("Small"). For the reasons set forth herein, this motion is denied.

## BACKGROUND

The history of this litigation and the patent prosecution is set forth in detail in Judge Holwell's 2011 claim construction opinion, Small v. Nobel Biocare USA, LLC, 05 Civ. 3225 RJH, 2011 WL 3586470 (S.D.N.Y. Aug. 11, 2011) ("2011 Opinion"), and our 2013 opinion granting summary judgment in favor of defendants Nobel and Implant Direct, Small v. Nobel Biocare USA, LLC, 05 Civ. 3225 NRB, 2013 WL 3972459 (S.D.N.Y. Aug 1, 2013) ("2013 Opinion"), and we assume familiarity with the terminology and history therein. The

1

descriptions below are intended only as review and to highlight certain facts pertinent to the current motion.

## I.   Factual Background

While working at the N.Y.U. College of Dentistry's dental clinic in 1993, Small treated a patient whose dental implant had loosened as a result of its hexagonal boss becoming "stripped" or rounded.  2013 Opinion at *2.  To stabilize the implant, Small modified it in vivo by drilling holes into the top of its hexagonal boss and inserting a custom crown with matching projections.  Id. at *2-3.  Over one year after performing the procedure, Small filed for and obtained the '246 Patent for slotted dental implants with hexagonal bosses.  Id. at *3.  Thereafter, Small filed a continuation-in-part application, which would later issue as the '590 Patent.  Id.  While this patent was likewise directed to bossed implants, it also contained one passing reference to recessed implants that the Patent Office rejected as anticipated by prior art and that Small voluntarily cancelled.  Id. at *4. Just before the close of the period for reissue applications, Small petitioned to reissue the '590 Patent with broader claims; however, she repeatedly failed to provide the Patent Office with a complete application.  Id. at *5.  Three years later, Small finally submitted a valid application and added new claims directed to

recessed implants, which were again rejected as anticipated by prior art. Id. at *5-6. However, on the Examiner's suggestion, Small amended her claims to specify that the recessed implants feature slots extending "only part way down" the implant's interior surfaces, and, once amended, her claims were reissued as the '945 Patent. Id. at *6.

## II.  Relevant Procedural History

Small filed two separate suits against several implant manufacturers, alleging infringement of the '246 Patent and the '945 Patent respectively. 2011 Opinion at *3. The two actions were consolidated by Judge Holwell on March 15, 2006. Id. It should be noted that Implant Direct was not named as a defendant in the '246 Action and was only a defendant in the '945 Action (dkt. no. 1). Small subsequently settled and/or dismissed claims against most other defendants, leaving Nobel as the sole defendant in the '246 Action and Nobel and Implant Direct as defendants in the '945 Action. 2011 Opinion at *3. Judge Holwell then held a Markman hearing addressed to both patents, which we reconsidered in part after the case was transferred to us following Judge Holwell's resignation. See id.; Small v. Nobel Biocare USA, LLC, 05 Civ. 3225 NRB, 2012 WL 952396 (S.D.N.Y. Mar. 21, 2012). Following discovery, the defendants filed two motions for summary

3

judgment, one directed to each patent. 2013 Opinion at *7. We granted both motions, holding that both of Small's patents were invalid and could not support a claim for infringement. Id. at *1. Specifically, we found the '246 Patent invalid because the invention had been in public use more than one year before Small filed her patent application, id. at *12, and we found the '945 Patent invalid because its original description of slots of "various depths" was inadequate to claim an invention requiring slots that extended "part way down" a recess, as well as because Small had had failed to comply with the requirements for reissue of a patent and had committed reissue recapture, id. at *15-16.

After the 2013 Opinion, Implant Direct indicated its intention to seek attorney's fees under 35 U.S.C. § 285 as a prevailing party in the '945 Action. On April 10, 2014, we instructed Implant Direct to file a motion for attorney's fees within fourteen days after the Supreme Court released its decision in Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749 (2014), which addressed the Patent Act's provision for an award of fees (dkt. No. 349). Following the Supreme Court's decision on April 29, 2014, Implant Direct moved for attorney's fees on May 14, 2014 (dkt. No. 354), and the motion was fully briefed on June 12, 2014 (dkt nos. 359, 361).

**DISCUSSION**

## I. Legal Standard

Section 285 of the Patent Act provides that a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749 (2014), the Supreme Court recently clarified the standard district courts should use to determine whether an award of fees is warranted.

Before Octane, the Federal Circuit had limited fee shifting to cases in which the prevailing party demonstrated, by clear and convincing evidence, either (1) litigation misconduct; or (2) that the litigation was both objectively baseless and brought in subjective bad faith. Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381-82 (Fed. Cir. 2005). Under the first prong, a court could award fees only where there was "material inappropriate conduct related to the matter in litigation," such as willful infringement or conduct warranting sanctions under Fed. R. Civ. P. 11. Id. at 1381. Absent such misconduct, fees were warranted only upon a showing of both objective baselessness and subjective bad faith, or where the party's position was "so unreasonable that no litigant could believe it would succeed" and the party "actually kn[e]w" that to

be the case. Octane, 134 S. Ct. at 1754 (quoting iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377-78 (Fed. Cir. 2011)).

Octane rejected Brooks Furniture's "rigid and mechanical formulation" and emphasized instead the district court's discretion. Octane, 134 S. Ct. at 1754. Construing the term "exceptional" in accordance with "its ordinary meaning of 'uncommon,' 'rare,' or 'not ordinary,'" the Court defined an "exceptional case [a]s simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 1756. This exceptionalism is to be determined in the "case-by-case exercise of [district courts'] discretion, considering the totality of the circumstances"; "there is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have [previously] identified." Id. (internal quotation marks omitted). For these considerations, the Court directed district courts to Fogerty v. Fantasty, Inc., 510 U.S. 517 (1994), which instructed courts awarding fees under a similar provision in the Copyright Act "to consider a nonexclusive list of factors, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the

need in particular circumstances to advance consideration of compensation and deterrence." Id. n.6 (internal quotation marks omitted).

The Court then specifically rejected both Brooks Furniture prongs as overly restrictive. It lowered the bar for litigation misconduct, holding that "a district court may award fees in the rare case in which a party's unreasonable conduct--while not necessarily independently sanctionable--is nonetheless so 'exceptional' as to justify an award of fees," id. at 1757, and it held that a finding a case was either brought in bad faith or exceptionally meritless "may sufficiently set [the case] apart from mine-run cases to warrant a fee award," id. Finally, the Court rejected the requirement that litigants establish entitlement to fees by "clear and convincing evidence," holding litigants instead to the lower "preponderance of the evidence" standard. Id.

After examining the cases analyzing Section 285 after Octane, we have extracted the following standards to guide our determination. First, although Octane reduced the showing required for an award on the ground of objective baselessness, courts continue to hold claims of baselessness to a high bar. Mere assertions that a party's arguments were without merit are generally unavailing; rather, courts are more likely to award fees

7

where a party knew or willfully ignored evidence of his claims' meritlessness, where such meritlessness could have been discovered by basic pre-trial investigation, or where such meritlessness is made clear to the court early in the litigation. See, e.g., Lumen View Tech., LLC v. Findthebest.com, Inc., 13 Civ. 3599 DLC, 2014 WL 2440867 (S.D.N.Y. May 30, 2014) (awarding fees after granting judgment on the pleadings because basic investigation would have revealed defendant's noninfringment); Kilopass Tech. Inc. v. Sidense Corp., C 10-02066 SI, 2014 WL 3956703 (N.D. Cal. Aug. 12, 2014) (awarding fees where plaintiff's investigation consisted of getting one legal opinion of noninfringement and another incomplete opinion); H-W Tech., Inc. v. Overstock.com, Inc., 3:12-CV-0636-G BH, 2014 WL 4378750 (N.D. Tex. Sept. 3, 2014) (citing continuation of the case as indicative of unexceptionalism).

By contrast, where a party has set forth some good faith argument in favor of its position, it will generally not be found to have advanced "exceptionally meritless" claims. See, e.g., EON Corp. IP Holdings LLC v. Cisco Sys. Inc, 12-CV-01011-JST, 2014 WL 3726170 (N.D. Cal. July 25, 2014) (even where plaintiff's argument was "quite stretched" and its conduct "difficult to explain," the court could not "quite conclude that *no* reasonable patentee could see an opening . . . through which the argument could be squeezed"); Gametek LLC v. Zynga, Inc., CV 13-2546 RS,

2014 WL 4351414 (N.D. Cal. Sept. 2, 2014) (conceding that plaintiff's briefing, which "consisted of granular parsing of the claimed steps rather than any substantive explanation of how [the invention] differed from the underlying abstract idea," was inadequate but insisting that it "did not, however, descend to the level of frivolous argument or objective unreasonableness").

Second, the need for the deterrent impact of a fee award is greater where there is evidence that the plaintiff is a "patent troll" or has engaged in extortive litigation. See Lumen View Tech, 2014 WL 2440867 at *7 (awarding fees where plaintiff's boilerplate complaint, failure to enjoin the allegedly infringing conduct, and commencement of several lawsuits in a short time frame suggested a desire to extract a nuisance settlement rather than vindicate a patent); Yufa v. TSI Inc., 09-CV-01315-KAW, 2014 WL 4071902, at *4 (N.D. Cal. Aug. 14, 2014) ("Given Plaintiff's history of prosecuting patent infringement cases, it would be improper to entirely relieve him from paying TSI's attorneys' fees, which would only encourage additional litigation.").

Finally, most cases awarding fees continue to involve substantial litigation misconduct. See, e.g., Homeland Housewares, LLC v. Hastie2Market, LLC, 2013-1537, 2014 WL 4400184 (Fed. Cir. Sept. 8, 2014) (patent owner repeatedly failed to introduce admissible evidence of infringement, filed unsolicited

9

briefs after issues were taken under submission, and filed multiple meritless motions for reconsideration); Cognex Corp. v. Microscan Sys., Inc., 13-CV-2027 JSR, 2014 WL 2989975 (S.D.N.Y. June 30, 2014) (defendants, who had willfully infringed, "engaged in unreasonable litigation tactics" such as making post-trial motions that sought purely to relitigate issues decided at trial); see also Gametek, 2014 WL 4351414 at *4 (denying fees in the absence of misconduct because "post-Octane decisions awarding fees [continue to demand] egregious behavior").

## II.  Implant Direct's Motion

Given these considerations, we find an award of fees not appropriate here.  First, although Small's arguments regarding the '945 Patent were insufficient to save her patent from invalidity, they were not objectively baseless.  Specifically, the fact that Small cited slots of "various depth" in her original description provided a basis, if not ultimately a persuasive one, for her to claim that slot depth was a feature of her invention.  Moreover, unlike cases in which a defendant's noninfringement can be factually proven and a plaintiff's putative cause of action clearly eliminated before filing suit, here the '945 Patent's invalidity and consequent failure of Small's claims was not readily apparent at the time Small initiated the action.  By contrast, the basis

for Small's cause of action--the claim for recessed implants that the Patent Office found adequate to issue as the '945 Patent--was provided by the Patent Examiner himself, who supplied Small with the language of the claim and thereby implied that it was sufficient to support a reissue patent, affording Small a good faith basis for litigation. That the majority of defendants opted to settle rather than litigate, and that Small's case was not determined on the pleadings but proceeded through discovery to summary judgment serve as further indication that Small's defense of her patent was not without any good faith basis.

Second, Implant Direct's arguments directed toward the '246 Patent are unavailing because, as noted earlier, Implant Direct was never a party to the '246 action. Nor does the consolidation of the two cases entitle Implant Direct to recover for a defense it did not undertake. Cf. King Pharm., Inc. v. Eon Labs, Inc., 04-CV-5540 DGT, 2010 WL 3924685, at *4-5 & n.27 (E.D.N.Y. Sept. 28, 2010) aff'd, 427 F. App'x 896 (Fed. Cir. 2011) (where one case in which defendant was a prevailing party and one case that defendant voluntarily dismissed were consolidated, defendant's "misconduct in th[e dismissed] action, if any, could not serve as the basis for a claim under § 285"); Gametek, 2014 WL 4351414 at *4 (disregarding plaintiff's conduct in related litigation as "[ir]relevant to the question of fees in this case").

Above all, we find no evidence that Small brought the case in bad faith or that she engaged in any misconduct in the course of the litigation. Small is not a patent troll and Implant Direct has made no suggestion that Small is guilty of any litigation misconduct, let alone conduct approaching that which would be sanctionable under Rule 11. Thus, an award of fees is not necessary to serve the aims of deterrence and compensation. See H-W Tech., Inc., 2014 WL 4378750, at *7 (denying award in part because "[a]ll of the proceedings in this case were conducted by written submissions in relatively timely manner" and because "Defendant does not allege any unreasonable conduct or delay caused by Plaintiff").

Finally, we reject defendant's argument that, having acknowledged the case as one that "presents an atypical, if not unique, set of facts," 2013 Opinion at *16, we implicitly deemed the case "exceptional." To say that a case is "atypical" may be to say that it is "exceptional" in the literal meaning of the term, but it does not necessarily indicate that the case is "exceptional" within the meaning of Section 285 under Octane. See Gametek, 2014 WL 4351414, at *3 (acknowledging that the litigation posed "the 'rare' case in which invalidity may be determined on the pleadings" but asserting that a "rare case" does not "ipso facto constitute[]

an 'exceptional' case"). Rather, based on the analysis stated above, we do not find this case to be exceptional under Octane.

## CONCLUSION

For the aforementioned reasons, Implant Direct's motion for an award of fees is denied.

**SO ORDERED.**

DATED:   New York, New York
         October 22, 2014

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Attorneys for Plaintiff**
Christopher K. Hu, Esq.
Jennifer L. BianRosa, Esq.
Gerard A. Haddad, Esq.
Dickstein Shapiro LLP
1633 Broadway
New York, NY 10019-6708

**Attorneys for Defendant Implant Direct Mfg. LLC**
Michael Hurey, Esq.
Christopher Dugger, Esq.
Kleinberg & Lerner, LLP
1875 Century Park East, Suite 1150
Los Angeles, CA 90067-3112